IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ELIZABETH C. ABE, et al., individually and
on behalf of persons similarly situated,
           Plaintiffs,

v.                                                                Civil Action No. 3:20-cv-270

VIRGINIA DEPARTMENT OF
ENVIRONMENTAL QUALITY,
           Defendant.

## OPINION

The plaintiffs[1] and the defendant, the Virginia Department of Environmental Quality ("DEQ"), have filed cross-motions for partial summary judgment addressing a single legal issue: Does using prior salary as a factor in setting an employee's starting salary constitute a per se violation of the Equal Pay Act ("EPA")?[2] In other words, may DEQ defend against the plaintiffs' EPA claims by pointing to prior salary as a factor other than sex that explains the pay differential between the plaintiffs and their alleged comparators?

The plaintiffs urge the Court to adopt the Ninth Circuit's ruling in *Rizo v. Yovino*, 950 F.3d 1217 (9th Cir. 2020), and forbid DEQ from using prior salary as an affirmative defense in this case. DEQ argues that *Rizo* conflicts with Fourth Circuit precedent. The Court, therefore, should allow them to assert prior salary as an affirmative defense.

---

[1] The "plaintiffs" refers to the four named plaintiffs—Elizabeth C. Abe, LeAnn K. Moran, Elizabeth Polak, and Sheryl A. Kattan—and the twenty remaining opt-in plaintiffs.

[2] The Court ordered the parties to file summary judgment motions regarding "whether the use of prior salary information as a factor in setting an employee's starting salary violates the Equal Pay Act or Title VII of the Civil Rights Act of 1964 or both." (ECF No. 71.) After issuing that Order, the Court, upon agreement of both parties, dismissed the plaintiffs' Title VII claim with prejudice. (ECF No. 88.) Accordingly, the Court considers only whether DEQ may use prior salary as an affirmative defense to defend against the plaintiffs' EPA claims.

Because the Fourth Circuit allows employers to use prior salary as an affirmative defense in EPA cases, the Court will deny the plaintiffs' summary judgment motion and grant DEQ's summary judgment motion.

## I. BACKGROUND

The plaintiffs, current and former female DEQ employees, allege that DEQ's past practice of using pay history to determine a new hire's salary perpetuates the gender wage gap and violates the EPA.[3] On July 1, 2019, DEQ stopped using pay history to determine a new hire's salary. In this case, the plaintiffs seek damages to remedy the wage disparity they experienced before July 1, 2019.

## II. DISCUSSION[4]

"The EPA prohibits gender-based discrimination by employers resulting in unequal pay for equal work." *EEOC v. Md. Ins. Admin.*, 879 F.3d 114, 120 (4th Cir. 2018). "To establish a prima facie case under the EPA, a plaintiff must demonstrate: (1) the employer paid different wages to an employee of the opposite sex, (2) for equal work on jobs requiring equal skill, effort,

---

[3] Three different pay policies applied to the plaintiffs. One policy applied from 1980 to 1993, another from 1993 to 2000, and yet another between 2000 and 2019. All three policies used pay history, in some way, to determine a new hire's starting salary.

[4] Rule 56 of the Federal Rules of Civil Procedure directs courts to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding a summary judgment motion, the court must draw all reasonable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Nevertheless, if the non-moving party fails to sufficiently establish the existence of an essential element to its claim on which it bears the ultimate burden of proof, the court should enter summary judgment against that party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "Where parties file cross-motions for summary judgment, courts consider 'each motion separately on its own merits to determine whether either of the parties deserves judgment as a matter of law.'" *Capitol Prop. Mgmt. Corp. v. Nationwide Prop. & Cas. Ins. Co.*, 261 F. Supp. 3d 680, 687 (E.D. Va. 2017) (quoting *Defs. of Wildlife v. N.C. Dep't of Transp.*, 762 F.3d 374, 392-93 (4th Cir. 2014)).

and responsibility, which jobs (3) all are performed under similar working conditions." *Evans v. Int'l Paper Co.*, 936 F.3d 183, 196 (4th Cir. 2019).

If a plaintiff makes a prima facie case, "the burdens of production *and* persuasion shift to the defendant-employer to show that" one of the EPA's affirmative defenses justifies the wage differential. *Md. Ins. Admin.*, 879 F.3d at 120 (emphasis in original). The EPA identifies four affirmative defenses that an employer may raise to justify a wage differential: "(i) a seniority system; (ii) a merit system; (iii) a system which measures earnings by quantity or quality of production; or (iv) a differential based on any other factor other than sex." 29 U.S.C. § 206(d)(1).

### A. DEQ's Summary Judgment Motion

DEQ claims "that it may permissibly rely on prior salary history as 'any other factor other than sex' in defending against Plaintiff's claims," and, therefore, it "is . . . entitled to summary judgment." (ECF No. 89, at 2.)[5] The plaintiffs disagree. They contend that "[p]rior salary cannot constitute a 'factor other than sex' under the Equal Pay Act, either alone or in combination with other factors." (ECF No. 79, at 23.)[6] Thus, they ask the Court to "strik[e] the affirmative defense of prior salary history asserted by [DEQ] in this action." (ECF No. 79, at 1.)

To support their position, the plaintiffs argue that, because "[t]he Fourth Circuit has not decided that consideration of prior salary is permitted in EPA cases," (ECF No. 79, at 16), the Court should adopt the Ninth Circuit's rule that "the wage associated with an employee's prior job

---

[5] (*See also* ECF No. 77, at 7 ("The Fourth Circuit has recognized unequivocally that prior salary history could serve as an affirmative defense to an EPA claim."); ECF No. 84, at 9 ("[P]rior salary, like *any other* factor besides sex, provides a congressionally-approved, legitimate defense to the Plaintiffs' EPA claims so long as DEQ actually relied on it." (emphasis in original).))

[6] (*See also* ECF No. 83, at 4 ("Prior salary history has not been accepted in the Fourth Circuit as a legitimate factor to explain pay disparity."); *cf.* ECF No. 87, at 7 ("Plaintiffs in this case ask for a decision barring the use of the salaries paid by a prior employer.").)

3

does not qualify as a factor other than sex that can defeat a prima facie EPA claim." *Rizo*, 950 F.3d at 1229. DEQ counters that, contrary to the plaintiffs' claim, "[i]n *Spencer v. Virginia State University*, [919 F.3d 199, 202-03 (4th Cir. 2019),] the Fourth Circuit recognized that an employer may rely on prior salary history in setting pay and that it constitutes a 'factor other than sex' defense to an EPA claim." (ECF No. 77, at 1.)

DEQ gets the better of this argument. Although the Fourth Circuit has not delineated the precise circumstances under which an employer may rely on prior salary as an affirmative defense in an EPA case,[7] it has clearly indicated that it does not *prohibit* an employer from doing so.[8]

In *Spencer*, Dr. Zoe Spencer, a female sociology professor at VSU, sued VSU under Title VII and the EPA because of pay discrepancies between her and two male professors who formerly served as administrators at VSU. 919 F.3d at 202-03. The Fourth Circuit affirmed the district court's decision to grant summary judgment to VSU on both claims primarily because Spencer failed to identify a proper comparator. *Id.* at 204-06. But the court noted that, even if Spencer could establish a prima facie EPA claim, VSU's decision to pay Spencer's purported comparators "75% of their previous salary as administrators" established that "the salary difference [between Spencer and her purported comparators] was based on a 'factor other than sex.'" *Id.* at 206. This

---

[7] *Cf. Brinkley v. Harbour Recreation Club*, 180 F.3d 598, 616 n.14 (4th Cir. 1999) ("Although the dissent recognizes that experience and salary history can be proper bases for a salary differential, it suggests that we should superimpose a 'job-relatedness requirement' upon the factor-other-than-sex defense. . . . We decline to consider this question without the benefit of briefing and argument."), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003).

[8] *See Spencer*, 919 F.3d at 206 (finding that Virginia State University ("VSU") "established that the salary difference [between the plaintiff and her purported comparators] was based on a 'factor other than sex'" by showing that it paid "former administrators who became professors" "75% of their previous salaries as administrators"); *Brinkley*, 180 F.3d at 616 n.14 (suggesting that both the dissent and majority "recognize[] that experience and salary history can be proper bases for a salary differential").

4

shows that, at minimum, the Fourth Circuit does not prohibit employers from raising prior salary as an affirmative defense in an EPA case.[9] *See also Brinkley*, 180 F.3d at 616 n.14.[10] Accordingly, the Court will not adopt *Rizo*'s contrary holding.

In the alternative, the plaintiffs argue that the Court should find, based on *EEOC v. Maryland Insurance Administration*, that "an employer 'must present evidence that job-related distinctions' explain 'different starting salaries.'" (ECF No. 79, at 16 (quoting *Md. Ins. Admin.*, 879 F.3d at 123).)[11] In other words, they ask the Court to make DEQ show that prior salary

---

[9] The plaintiffs note that "[t]he issue in Spencer [sic] was not prior salary paid by a different employer," which sets it apart from this case. (ECF No. 87, at 6.) In other words, in *Spencer* VSU relied on prior salaries that *it* paid to the comparators whereas here DEQ relied on prior salaries that *other* employers paid to the comparators. The *Spencer* court gave no indication that this difference affected its analysis. Of course, even if it did, that would not show that the Fourth Circuit prohibits employers from raising prior salary as an affirmative defense.

[10] The plaintiffs say that "[t]he Fourth Circuit has accepted that use of salary history may be discriminatory against women, and not a valid defense, in *EEOC v. Liggett & Myers, Inc.*, 690 F.2d 1072 (4th Cir. 1982)." (ECF No. 79, at 19.) This overstates the holding in *Liggett & Myers*. There, the Fourth Circuit upheld the district court's finding that the defendant failed to meet its burden of showing that it paid women less because of its pay system whereby "hourly employees who were promoted to supervisory positions . . . were always given a yearly salary equal to the yearly value of their hourly wages plus a supplement of several hundred dollars." *Liggett & Myers*, 690 F.2d at 1074. The court held that "[t]his evidence does not prove disparate treatment from legitimate factors" because "[i]t was not shown that the hourly wages these female employees received before their promotions were not sexually discriminatory and that it was not harder for women than for men to become supervisors without first being hourly employees." *Id.* Stated differently, the court rejected the defendant's affirmative defense in *Liggett & Myers* because of a lack of evidentiary support, not because it prohibits the assertion of prior salary as a "factor other than sex" affirmative defense in EPA cases. In fact, the court's rejection of the defendant's affirmative defense on evidentiary grounds suggests that the Fourth Circuit allows employers to assert prior salary as an affirmative defense in EPA cases so long as they support their defense with evidence.

[11] The *Rizo* majority cites *Maryland Insurance* for the proposition "that pay classification systems must be rooted in legitimate differences in responsibilities or qualifications for specific jobs." 950 F.3d at 1226; *see also id.* at 1230 n.13 (stating that the Fourth Circuit has "nominally adopted" the rule that the "any other factor other than sex" affirmative defense has a "job-relatedness requirement"). But citing *Spencer*, the majority also notes that the Fourth Circuit "has suggested . . . in dicta" that it shares the Seventh Circuit's view that employers may "conclusively

5

constitutes a "job-related distinction[]" justifying the pay discrepancy between the plaintiffs and their comparators. (*See* ECF No. 79, at 16-17 (contending that in *Maryland Insurance*, "[t]he Fourth Circuit held that pay classification systems must be rooted in legitimate differences in responsibilities or qualifications for specific jobs").)[12]

The Court declines the plaintiffs' invitation to decide whether *Maryland Insurance* imposes a job-relatedness requirement for affirmative defenses in EPA cases. The Court need not resolve that issue to answer the narrow question before it: May DEQ raise prior salary as an affirmative defense? For the reasons stated above, the answer is yes. And a finding that *Maryland Insurance* imposed a job-relatedness requirement for EPA affirmative defenses would not change that answer.

Because the Fourth Circuit allows employers to raise prior salary as an affirmative defense in EPA cases, the Court will grant DEQ's motion for summary judgment and allow it to assert prior salary as an affirmative defense in this case.[13]

---

rel[y] on prior pay as an affirmative defense to a prima facie EPA claim." *Id.* at 1231 & n.14. Further demonstrating the unsettled Fourth Circuit jurisprudence on this issue, one of the *Rizo* concurrences cites *Spencer* for the proposition that "the Fourth and Seventh Circuit . . . hold[] that prior salary is *always* a 'factor other than sex.'" *Id.* at 1235 (McKeown, J., concurring). For the reasons stated below, the Court need not reconcile these competing interpretations of *Maryland Insurance* and *Spencer* at this stage of the litigation.

[12] The plaintiffs base this argument on the Fourth Circuit's assertion in *Maryland Insurance* that "while [the Maryland Insurance Administration ("MIA")] uses a facially gender-neutral compensation system, MIA still must present evidence that the job-related distinctions underlying the salary plan, including prior state employment, *in fact* motivated MIA to place the claimants and the comparators on different steps of the pay scale at different starting salaries." 879 F.3d at 123 (emphasis in original).

[13] Of course, granting DEQ summary judgment on this issue does not entitle it to summary judgment on the entire case. DEQ still must show that prior salary, along with the other affirmative defenses that it asserts, "*in fact* explains the salary disparity" between the plaintiffs and their alleged comparators. *Id.* at 123 (emphasis in original) ("[A]s we have emphasized, a viable affirmative defense under the EPA requires more than a showing that a factor other than sex *could*

6

### B. The Plaintiffs' Summary Judgment Motion

For the reasons stated above, the Court finds that the Fourth Circuit allows employers to raise prior salary as an affirmative defense in EPA cases. The Court, therefore, will not strike DEQ's affirmative defense of prior salary. Thus, the Court will deny the plaintiffs' summary judgment motion.

### III. CONCLUSION

For the foregoing reasons, the Court will grant DEQ's summary judgment motion and deny the plaintiffs' summary judgment motion. Accordingly, DEQ may assert prior salary as an affirmative defense to the plaintiffs' EPA claims.

The Court will issue an appropriate Order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 5 April 2021
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

---

explain or *may* explain the salary disparity. Instead, the EPA requires that a factor other than sex *in fact* explains the salary disparity."). Moreover, this ruling does not bar the plaintiffs from advancing their argument that *Maryland Insurance* imposes a job-relatedness requirement for affirmative defenses in EPA cases.