IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

ELIZABETH POLAK,
        Plaintiff,

v.                                                     Civil Action No. 3:20-cv-270

VIRGINIA DEPARTMENT OF
ENVIRONMENTAL QUALITY,
        Defendant.

## MEMORANDUM ORDER

This matter comes before the Court on the motion for partial summary judgment filed by the plaintiff, Elizabeth Polak. (ECF No. 59.) Polak claims that the undisputed facts show that her former employer, the Virginia Department of Environmental Quality ("DEQ"), violated the Equal Pay Act ("EPA") by paying her less than a similarly situated male employee, Henry Shepard Moon, Jr. But when viewing the evidence in the light most favorable to DEQ, the undisputed facts do not entitle Polak to summary judgment. Specifically, the undisputed facts do not establish Moon as a proper comparator. Accordingly, the Court denies Polak's summary judgment motion.

## I. BACKGROUND

Polak worked as a Coastal Zone Planner with DEQ from 2009 until 2019. Her core job responsibilities included helping the Virginia Coastal Zone Management Program Manager ("CZM Program Manager") "in overall strategic planning and evaluation for [the] Coastal Zone Management Program [("CZM")], assist[ing] in CZM grant operations, intergovernmental and

interagency coordination activities," and "land conservation and public access planning and implementation." (ECF Nos. 59-3 (capitalizations normalized); *see also* ECF No. 66-2.)[1]

## II. DISCUSSION[2]

Polak contends that DEQ violated the EPA by paying her less than Moon even though she and Moon "perform[ed] equal work." (ECF No. 60, at 18.) DEQ claims, among other things, that "there are material facts in dispute as to whether Moon and Polak perform[ed] substantially equal work that makes them proper comparators under the EPA." (ECF No. 66, at 11.) The Court agrees with DEQ.

"The EPA prohibits gender-based discrimination by employers resulting in unequal pay for equal work." *EEOC v. Md. Ins. Admin.*, 879 F.3d 114, 120 (4th Cir. 2018). "To establish a prima facie case under the EPA, a plaintiff must demonstrate: (1) the employer paid different wages to an employee of the opposite sex, (2) for equal work on jobs requiring equal skill, effort, and responsibility, which jobs (3) all are performed under similar working conditions." *Evans v. Int'l Paper Co.*, 936 F.3d 183, 196 (4th Cir. 2019). The comparators and the plaintiff "must

---

[1] Polak asserts that her core responsibilities also "included negotiations of federally funded grant contracts" and "long-range strategic planning." (ECF No. 60, at 4.) DEQ says that Polak's employee work profile, (ECF No. 59-3), contradicts that claim. This genuine dispute provides additional support for denying Polak's partial summary judgment motion; because the parties dispute Polak's work profile, they certainly do not agree on whether she has identified an appropriate comparator.

[2] Rule 56 of the Federal Rules of Civil Procedure directs courts to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding a summary judgment motion, the court must draw all reasonable inferences in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Nevertheless, if the non-moving party fails to sufficiently establish the existence of an essential element to its claim on which it bears the ultimate burden of proof, the court should enter summary judgment against that party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

have virtually identical jobs." *Id.* "Generally, it is not enough to simply show that the comparators hold the same title and the same general responsibility as the plaintiff." *Id.*

The undisputed material facts do not show that Polak and Moon had "virtually identical jobs." *Id.* For instance, CZM Program Manager Laura McKay[3] contends that Moon "was assigned to handle more difficult and complex grant applications assignments" than Polak and "has responsibilities to manage aspects of the CZM Program related to the [National Estuary Research Reserve System ("NERRS")] Sentinel Landscape Planning Process" that Polak did not have. (ECF No. 66-3, at 3.) McKay further states that "Moon . . . has responsibilities for handling research projects and conferences related to VIMS's role as a NERRS agency that Polak did not perform as a DEQ employee." (*Id.*) This raises a genuine dispute over whether Polak and Moon had "virtually identical jobs." *Evans*, 936 F.3d at 196. The Court, therefore, denies Polak's motion for partial summary judgment.[4]

### III. CONCLUSION

The undisputed material facts do not entitle Polak to partial summary judgment. Accordingly, the Court DENIES her motion for partial summary judgment.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

Date: 27 April 2021
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

---

[3] Polak claims that McKay supervised her and Moon. DEQ disputes that McKay supervised Moon. But the parties seemingly agree that McKay knows about Polak's and Moon's comparative job responsibilities.

[4] Because the undisputed material facts do not even establish that Polak has identified a proper comparator, the Court need not address Polak's other arguments as to why the Court should grant her summary judgment "on the issue of liability." (ECF No. 60, at 25.)